**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| BILAL ABDEL-AZIZ, | |
| Petitioner | Civil Action No. 16-3600(RMB) |
| v. | OPINION |
| WILLIE BONDS, *et al.*, | |
| Respondents | |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Pet., ECF No. 1) filed by Petitioner Bilal Abdel-Aziz ("Petitioner"), an inmate confined in South Woods State Prison in Bridgeton, New Jersey. Petitioner challenges the New Jersey Parole Board's June 19, 2013 decision denying him parole and setting a 144-month future eligibility term ("FET"). (Pet., ECF No. 1 at 32.) Respondents filed an answer opposing habeas relief. (Answer, ECF Nos. 7, 7-1.) For the reasons discussed below, the Court denies the petition.

I.  BACKGROUND

On October 8, 1974, Petitioner was arrested in New Jersey and charged with murder, murder while armed, kidnapping, threatening to kill, conspiracy to commit murder, arson and assault with a

deadly weapon. (Answer, Declaration of Christopher C. Josephson ("Josephson Decl.,") ECF No. 7-4, Ex. B at Ra45.) Petitioner entered a no contest plea to murder and murder while armed. (Id. at Ra15, Ra45.) On November 1, 1974, Petitioner was sentenced to a term of life imprisonment for murder and a concurrent term of five to ten years for murder while armed, and the other offenses were dismissed. (Id.)

Petitioner was first granted parole release for his murder conviction on April 5, 1994. (Id. at Ra43.) His parole was revoked because he absconded and used drugs. (Id.) Petitioner was a fugitive until he was returned to New Jersey in December 1998. (Id.)

Petitioner was released on parole a second time on August 24, 2001, and was placed in the High Impact Diversion Program. (Id. at Ra44.) Petitioner was returned to custody within six months. (Id.) On October 3, 2002, Petitioner was permitted to continue on parole if he successfully completed a 90-day program at Delaney Hall, a residential community program. (Id.) He was discharged prior to completion of the program but continued on parole subject to the Electronic Monitoring Program. (Id.) Petitioner violated the conditions of the program and was returned to custody on October 29, 2004. (Id.)

Petitioner's parole was revoked once again on May 10, 2005 but the Parole Board decided to re-parole him to a residential

program for a 180-day inpatient stay, with parole effective on August 11, 2005. (Josephson Decl., ECF No. 7-4, Ex. B at Ra44.) Petitioner completed the program but absconded after his February 2006 release. (Id.) A parole warrant was issued for Petitioner on March 3, 2006. (Id.)

Petitioner was a fugitive for nearly six years, living under the alias Eric Muhammad. (Id. at Ra44, Ra46.) He was returned to custody on January 30, 2012. (Id. at Ra44.) On February 22, 2012, a panel of the Parole Board revoked Petitioner's parole for violating the following conditions: report as instructed; obtain approval for a change in residence; obtain approval before leaving the state; participate in random urine monitoring; participate in outpatient drug/alcohol counseling; participate in the Alternative Sanctions Program; and abide by a curfew. (Id.)

Petitioner became eligible for parole again on December 24, 2012. (Id. at Ra25.) An initial hearing was held before a hearing officer on July 27, 2012, and the hearing officer referred the matter to a Parole Board panel for a hearing. (Id. at Ra25-Ra27.) On August 16, 2012, the two-member Board panel denied parole and referred the case to a three-member panel for the establishment of an FET outside the presumptive guidelines. (Id. at Ra28-Ra29.)

The Board panel's decision was based on Petitioner's prior criminal record, including a robbery conviction; the nature of his criminal record was increasingly more serious; prior opportunities

3

on probation and parole failed to deter criminal behavior; prior opportunities on parole have been violated in the past; current opportunity on parole has been revoked for technical violations; and insufficient problem resolution, specifically, lack of insight into criminal behavior, minimization of conduct, and failure to sufficiently address a substance abuse problem, as demonstrated by the Board panel interview and documentation in the case file, including a risk assessment evaluation. (Josephson Decl., ECF No. 7-4, Ex. B at Ra28-Ra29.) The Board panel found the following mitigating factors applied to Petitioner: a minimal criminal record; participation in institutional programs; attempts to enroll and participate in programs; and achieved minimum custody status. (Id. at Ra29.)

On October 17, 2012, the Board panel established a 144-month FET for Petitioner. (Id. at Ra40-Ra41.) The Board relied on the same aggravating and mitigating factors as it had when it denied parole. (Id. at Ra40, Ra42-Ra51.) Based on Petitioner's entire record, the Board panel found that Petitioner continues to remain a substantial threat to public safety, considering: his inability to accept full responsibility for his actions; including his aberrant behavior on parole; his inability to recognize and accept the issues underlying his repeated failures to abide by parole conditions; his inability to develop any true insight into the motivations underlying his drug addiction; and his failure to

4

adequately address his drug addiction through means which can be measured and verified by the Parole Board. (Josephson Decl., Ex. B, ECF No. 7-4 at Ra50-Ra51.) Therefore, the Board panel found that any term less than 144-months would be "wholly inconsistent with the conclusion that, after years of incarceration, [Petitioner] has not shown the requisite amount of rehabilitative progress in reducing the likelihood of future criminal activity." (Id. at Ra51.)

Petitioner administratively appealed the Board panel's decisions on January 2, 2013. (Id. at Ra53-Ra69.) The full Board affirmed the denial of parole and the imposition of a 144-month FET on June 19, 2013. (Id. at Ra72-Ra74.) Petitioner appealed the full Board's decision to the New Jersey Superior Court, Appellate Division. (Id., Ex. A, ECF No. 7-3.) The Appellate Division affirmed on May 12, 2015. (Id., Ex. C, ECF No. 7-5.) Petitioner filed a petition for certification in the New Jersey Supreme Court on May 8, 2015. (Id., Ex. D, ECF No. 7-6.) The New Jersey Supreme Court denied Petitioner's petition for certification on October 9, 2015. (Id., Ex. F, ECF No. 7-7.)

Petitioner filed the present petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 21, 2016. (Pet., ECF No. 1 at 1.) The petition sets forth two grounds for relief:

> Point I
>
> Petitioner has already served the punitive portion of his sentence and there is nothing in the records to suggest that a substantially [sic] likelihood exist that appellant will commit a new crime if released on parole at this time, especially when appellant has minimal adult record and no juvenile record, therefore the decision of the N.J. State Parole Board to deny him parole must be reversed.
>
> Point II
>
> Petitioner contends that for the N.J. State Parole Board to establish a 144 month FET is clearly inappropriate term and must be reversed to impose an appropriate term in conformity with the law.

(Pet., ECF No. 1 at 20.) On July 7, 2017, Respondents filed an Answer, opposing habeas relief. (Answer, ECF No. 7.)

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the

>           facts in light of the evidence presented
>           in the State court proceeding.

The Third Circuit explained:

> the considerations under AEDPA are divided
> into an examination of the legal analysis and
> a separate consideration of the factual
> determinations.
>
> In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct.
> 1495, 146 L.Ed.2d 389 (2000), the Supreme
> Court explained in detail the proper means by
> which a federal court is to undertake a review
> of the state court's legal analysis. First,
> the "contrary to" provision is only implicated
> if the state court "applies a rule that
> contradicts the governing law set forth" by
> the Supreme Court or if it arrives at a
> different result when confronted by "facts
> that are materially indistinguishable" from
> those previously before the Supreme Court. *Id.*
> at 405-06, 120 S.Ct. 1495 (O'Connor, J.,
> concurring) (controlling opinion). ... In
> *Hameen v. State of Delaware*, quoting *Williams*,
> we explained: "[U]nder the 'unreasonable
> application' clause, 'a federal habeas court
> may not issue the writ simply because that
> court concludes in its independent judgment
> that the relevant state-court decision applied
> clearly established federal law erroneously or
> incorrectly. Rather, that application must
> also be unreasonable.'" 212 F.3d 226, 235 (3d
> Cir.2000), *cert. denied*, 532 U.S. 924, 121
> S.Ct. 1365, 149 L.Ed.2d 293 (2001) (quoting
> *Williams*, 529 U.S. at 411, 120 S.Ct. 1495).
>
> In contrast, the unreasonable determination of
> the facts standard is a somewhat less
> amorphous standard. Adhering to the words of
> the statute, federal court review considers
> only whether the state court adjudication
> "resulted in a decision that was based on an
> unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding." 28 U.S.C. § 2254(d)(2). The
> statute directs the federal court to presume

7

> that all determinations of fact made by the state court are correct and requires that the petitioner present "clear and convincing evidence" to rebut this presumption. 28 U.S.C. § 2254(e)(1); *see also Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 368 (3d Cir. 2002).

Hunterson v. DiSabato, 308 F.3d 236, 245-46 (3d Cir. 2002).

"[O]n habeas review, [district courts] are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." Id. at 246 (quoting Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001)).

B. Ground One

In Petitioner's first ground for relief, he argues that he has a minimal adult criminal record and only four prison disciplinary charges, therefore there is no support for the New Jersey Parole Board's determination that a substantial likelihood exists that Petitioner would commit a new crime if released on parole. (Pet, ECF No. 1 at 36.) He seeks an order directing his release on parole. (Id. at 40-41.) The Court construes Ground One as raising a Due Process challenge to the Board's decision.

Respondents note that state law creates a liberty interest in parole by limiting official discretion to deny parole. (Answer, ECF No. 7-1 at 16, citing Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12 (1979)). Thus, inmates have a due process right to notice, an opportunity to be heard and a

statement of reasons for denying parole. Greenholtz, 442 U.S. at 13-16. Respondents contend Petitioner received the process he was due, and the Board's decision is supported by the factual record, including the factors described in N.J.A.C. § 10A:71-3.11(b). (Answer, ECF No. 7-1 at 16-17.)

"[W]hile there is 'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence,' Greenholtz, … 442 U.S. at 7 … there is by statute a 'protected expectation of parole in inmates who are eligible for parole[.]'" Trantino v. New Jersey State Parole Bd., 711 A.2d 260, 262 (1998) (quoting New Jersey Parole Bd. v. Byrne, 460 A.2d 103, 110 (N.J. 1983.)) "[T]he requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

N.J.A.C. § 10A:71-3.11(b) provides:

> (b) The hearing officer, Board panel or Board shall consider the following factors and, in addition, may consider any other factors deemed relevant:
>
> 1. Commission of an offense while incarcerated.
>
> 2. Commission of serious disciplinary infractions.
> 3. Nature and pattern of previous convictions.
>
> 4. Adjustment to previous probation, parole and incarceration.

5. Facts and circumstances of the offense.

6. Aggravating and mitigating factors surrounding the offense.

7. Pattern of less serious disciplinary infractions.

8. Participation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration. This includes, but is not limited to, participation in substance abuse programs, academic or vocational education programs, work assignments that provide on-the-job training and individual or group counseling.

9. Statements by institutional staff, with supporting documentation, that the inmate is likely to commit a crime if released; that the inmate has failed to cooperate in his or her own rehabilitation; or that there is a reasonable expectation that the inmate will violate conditions of parole.

10. Documented pattern or relationships with institutional staff or inmates.

11. Documented changes in attitude toward self or others.

12. Documentation reflecting personal goals, personal strengths or motivation for law-abiding behavior.

13. Mental and emotional health.
14. Parole plans and the investigation thereof.

15. Status of family or marital relationships at the time of eligibility.

16. Availability of community resources or support services for inmates who have a demonstrated need for same.

17. Statements by the inmate reflecting on the likelihood that he or she will commit another crime; the failure to cooperate in his or her own rehabilitation; or the reasonable expectation that he or she will violate conditions of parole.

18. History of employment, education and military service.

19. Family and marital history.

20. Statement by the court reflecting the reasons for the sentence imposed.

21. Statements or evidence presented by the appropriate prosecutor's office, the Office of the Attorney General, or any other criminal justice agency.

22. Statement or testimony of any victim or the nearest relative(s) of a murder/manslaughter victim.

23. The results of the objective risk assessment instrument.

Under, § 2254, a habeas court reviews the highest state court's reasoned decision addressing the petitioner's claims. <u>Blystone v. Horn</u>, 664 F.3d 397, 417 n.15 (3d Cir. 2011). The New Jersey Superior Court, Appellate Division, found credible evidence in the record to support the Board panel's decision denying parole and establishing a 144-month FET. (Josephson Decl., Ex. C, ECF No. 7-5 at 6-7.) The evidence included Petitioner's prior criminal record, prior opportunities for parole failed to deter criminal

behavior, technical prior parole violations, insufficient problem resolution including lack of insight into criminal behavior, minimizing conduct, and insufficient attempt to address substance abuse problem. (Josephson Decl., Ex. C, ECF No. 7-5 at 6-7.) Because there was "some basis" for the Board's decision, the Appellate Division reasonably applied the substantive due process standard. Therefore, Ground One is denied.

    C.    <u>Ground Two</u>

In his second ground for relief, Petitioner maintains that the three-member parole panel violated ex post facto laws when it arbitrarily established a 144-month FET for a parolee who was not charged with a new crime. (Pet., ECF No. 1 at 43.) Petitioner cites to N.J.S. § 30:4-123.64b "no future parole eligibility date for a parole violator returned to custody for reasons other than new criminal charges shall be set more than 1 full year from the date of the parolees return to custody." (<u>Id.</u>)

Petitioner asserts he was disadvantaged by the imposition of a 144-month FET where the law provides for a 12-month term. (<u>Id.</u> at 44.) Petitioner contends the Board's decision was "so far wide of the mark it is obvious a mistake has been made in the review of the totality of Petitioner's case . . ." (<u>Id.</u> at 46, quoting <u>N.J. State Parole Board v. Cestari</u>, 540 A.2d 1334 (App. Div. 1988)).

In opposition, Respondents contend Petitioner's ex post facto argument is based on his confusion over the laws governing parole

violation and parole release. (Answer, ECF No. 7-1 at 18.) Under N.J.A.C. § 10A:71-7.17B(a)(3), the Board sets an initial FET of twelve months when an inmate is returned as a parole violator. (Id.) When the initial FET expires and the inmate is parole eligible again, if the Board determines that inmate should not be released on parole, it must impose an FET pursuant to N.J.A.C. § 10A:71-3.21. (Id.) The Board established the 144-month FET pursuant to N.J.A.C. § 10A:71-3.21. (Id., citing Josephson Decl., Ex. B, Ra73.)

The Appellate Division addressed Petitioner's ex post facto claim, finding the Board properly evaluated Petitioner under the applicable statutes. (Josephson Decl., Ex. C., ECF No. 7-5 at 8.) The Appellate Division noted that N.J.A.C. § 10A:71-3.21(d)[1]

---

[1] N.J.A.C. § 10A:71-3.21(d) provides:

> A three-member Board panel may establish a future parole eligibility date which differs from that required by the provisions of (a) or (b) and (c) above if the future parole eligibility date which would be established pursuant to such subsections is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior. In making the determination that the establishment of a future parole eligibility date pursuant to (a) or (b) and (c) above is clearly inappropriate, the three-member panel shall consider the factors enumerated in N.J.A.C. 10A:71–3.11.

13

applies to all adult inmates in which a decision to deny parole was rendered after May 1985, which was more than 25-years before the Board's decision in this matter. (Id.)

Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law." California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). "[T]he Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Id. (quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). "'[W]hen confronted with the claim that a parole law has worked an ex post facto violation on an inmate, a court must compare the allegedly offensive parole law with the parole law in effect at the time of the inmate's crime.'" Mason v. Pinchak, 75 F. App'x 867, 868–69 (3d Cir. 2003) (quoting Royster v. Fauver, 775 F.2d 527, 533 (3d Cir. 1985) (citing United States ex rel. Forman v. McCall, 709 F.2d 852, 856 (3d Cir. 1983)).

Petitioner has not stated a cognizable ex post facto claim because he does not allege that the Board set an FET of 144-months under a law that retroactively increased punishment. N.J.A.C. § 10A:71-3.21(d) governs the Board's establishment of a future parole eligibility date higher than the presumptive terms established in subsections a, b, and c of the regulation, and by its terms it applies to all adult inmates in which a decision to deny parole was rendered after May 1985. See N.J.A.C. § 10A:71-3.21(i). The final agency decision to set Petitioner's FET at 144-

14

months was made in 2013, and the statute the Board applied was effective since May 1985. Moreover, "[c]hanges in the frequency of parole hearings during a term of imprisonment do not violate constitutional ex post facto clauses." Colvin v. New Jersey State Parole Bd., No. A-5278-10T1, 2012 WL 3553003 at *3 (App. Div. Aug. 20, 2012) (citing Morales, 514 U.S. at 511-13)). The Appellate Division reasonably concluded the FET determination did not violate the Ex Post Facto Clause.

Petitioner also asserts this Court should grant habeas relief because the Board's decision was "so far wide of the mark it is obvious a mistake has been made in the review of the totality of Petitioner's case . . . ." (Pet., ECF No. 1 at 40 (quoting Cestari, 540 A.2d at 1341.) This, however, is not the correct habeas standard of review.

The standard that governs habeas review is whether the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Cour1341t of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Here, Petitioner alleged the Board's decision violated substantive due process because it was not supported by sufficient evidence and that the 144-FET determination violated the Ex Post Facto Clause. For the reasons discussed above, the Appellate Division reasonably applied clearly

established federal law governing his claims. Therefore, Petitioner is not entitled to habeas relief.

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

In the accompanying Order filed herewith, the Petition for habeas relief under 28 U.S.C. § 2254 is denied.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: **September 10, 2018**